IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DeVANTIA DAVIS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 3:22-cv-00572 |
|  | ) Judge Trauger |
| DAVIDSON COUNTY SHERIFF'S OFFICE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On December 15, 2022, the court performed an initial review of this pro se prisoner civil rights action under the Prison Litigation Reform Act (PLRA) and found that Plaintiff DeVantia Davis had failed to sufficiently plead any viable constitutional claim. (Doc. No. 6.) However, the court granted the plaintiff leave to amend in order to provide additional factual allegations in support of his claims against Defendant Chazsity Rooks. (*Id.* at 7.) On January 10, 2023, the plaintiff filed his Amended Complaint under 42 U.S.C. § 1983. (Doc. No. 6.)

The court must conduct an initial review of the Amended Complaint under the PLRA, 28 U.S.C. § 1915(e)(2)(B), and the standards applicable to pro se filings under Section 1983. To state a cognizable Section 1983 claim, the plaintiff must allege (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014). The court, giving the Amended Complaint a liberal construction, must determine whether it contains "sufficient factual matter, accepted as true," to state a plausible Section 1983 claim. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing the original complaint, the court recounted the allegations against Rooks as follows:

> The plaintiff alleges that he received two write-ups charging him with disciplinary infractions in violation of his First and Fourteenth Amendment rights. The first write-up was issued by Officer Chazsity Rooks after she heard the plaintiff and other inmates "discussing writing grievances on her." (Doc. No. 1 at 4.) The plaintiff claims that this allegedly "bogus" write-up was retaliatory, "because of some grievances [the plaintiff] submitted on [Rooks]." (Doc. No. 4 at 1.) The "sanction rationale" provided in this write-up was that the plaintiff "was disruptive by involving [him]self in a conversation [he] was not called to." (*Id.*; *see* Doc. No. 1 at 4.) The plaintiff was found guilty of this charge two days later at a hearing before defendant Anita Thorns, a Disciplinary Board member. (Doc. No. 1 at 4–5.)

(Doc. No. 6 at 3.) Based on these allegations, the court found that the plaintiff's claim of being punished by Rooks in violation of the First Amendment was not supported by sufficient facts to survive initial review, whether Rooks's actions were characterized as an infringement of free speech or as unlawful retaliation.

With respect to the plaintiff's retaliation claim, the court previously noted that, "to plausibly claim retaliation under the First Amendment, the plaintiff must allege that (1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated at least in part by the [prisoner's] protected conduct." (*Id.* at 5 (quoting *Hill*, 630 F.3d at 472).) The court found for purposes of initial review that the plaintiff had sufficiently alleged the first and third elements above, because Rooks was alleged to have written him up in response to "prior grievance filings and/or his expressed intention to again file a grievance against her." (*Id.*) However, the court found that the plaintiff had failed to provide facts supporting an inference that he suffered an adverse action sufficient to deter future grievance filing (*id.* at 6), and that his complaint therefore failed to state a viable claim against Rooks.

In the Amended Complaint, although the plaintiff requests relief including "[n]ominal damages . . . for each day spent on lockdown" (Doc. No. 9 at 5), he offers only the following factual allegations related to the adverse action taken against him by Rooks:

> Assuming she heard the conversation [among inmates related to writing grievances], Officer Rooks stands up (seated at the officer's panel) and bellows out 'if you don't like the way I'm running this unit you can go to your cell.' I then reply 'that's why we have grievances - for stuff we don't like.' She then orders me to go to my cell. I then grab my chessboard and comply heading to my assigned cell. She clicks the door open from the officer's panel and says sarcastic[al]ly 'you have a good day!' I reply 'I will. You have a good day, too.' Officer Rooks then proceeds with writing me up. She later (@ approx. 12:45 pm) makes an attempt to have officer Dorvil take me to the holding cell. Sgt. Lloyd then comes into the unit and interrupts that event and he said 'put him back in the cell.[']"

(*Id.* at 14–15.)

These allegations do not remedy the failure of the original complaint to plead an adverse action sufficient to deter the protected conduct of filing grievances. It is true that the bar for pleading adverse action is low. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999) (adverse action "threshold is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed"). But, as the court noted in its prior order, merely being reassigned to a different cell "is an act inherent to incarceration and one that falls squarely within the scope of *de minimis* actions that do not support [the adverse action requirement of] a retaliation claim." *Lee v. Wilson Cnty. Jail-Lebanon*, No. 3:15-0007, 2016 WL 2866197, at *4 (M.D. Tenn. May 16, 2016), *report and recommendation adopted*, 2016 WL 3137721 (M.D. Tenn. June 6, 2016), *aff'd*, No. 16-5981, 2017 WL 2819220 (6th Cir. Mar. 31, 2017). In his original filings, the plaintiff alleged that he was "sent to restrictive housing for voicing [his] opinion" after a different officer (who is not a defendant) wrote him up. (Doc. No. 4 at 2.) He did not tie this housing transfer to any action by Rooks, nor did he at that time allege the nature of the restrictions he faced. In the Amended Complaint, the plaintiff does not repeat the allegation of

3

transfer to restrictive housing. Instead, in response to the court's order to provide additional facts, the Amended Complaint only alleges that Rooks attempted to have the plaintiff transferred to a holding cell and refers to a period of "lockdown" that it does not elsewhere explain. These allegations are insufficient to plead the "adverse action" element of the plaintiff's retaliation claim.

Finally, while a defendant's action may support a retaliation claim regardless of whether it actually deterred the plaintiff from engaging in protected conduct, *see Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002), it is nonetheless notable that the plaintiff was not deterred after Rooks wrote him up, but appealed Rooks's conduct both verbally and by filing a formal grievance "after the false allegations in the write-up." (Doc. No. 9 at 8.)

In sum, the plaintiff's Amended Complaint under Section 1983, like his original complaint, fails to adequately allege any violation of his First Amendment rights. For the reasons given here and in the court's prior order (Doc. No. 6), this action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted. The plaintiff's amended application for leave to proceed as a pauper (Doc. No. 10) is **DENIED** as moot.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge